The doctrine of collateral estoppel bars this malpractice action by plaintiff against the four attorneys who successively represented him in a federal diversity suit that was dismissed for plaintiff's continuous and willful failure to comply with discovery orders, the district court having rejected his attempt to shift responsibility for the noncompliance to his attorneys (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]). Concur—Tom, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRAZEL WASHINGTON, Appellant. [893 NYS2d 798]—

Concur—Tom, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.

IVALISSE BUSTAMANTE et al., Appellants v GREEN DOOR REALTY CORP. et al., Respondents. [893 NYS2d 57]—

With respect to the order of January 22, 2008, even if the branch of defendants' motion to dismiss the complaint based on CPLR 3126 should have been denied, although unopposed, for lack of an affirmation of good faith as required by 22 NYCRR 202.7, the lack of opposition nevertheless warranted the grant-